**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,                                   Case No. 3:18CR178

           Plaintiff

    v.                                                                    **ORDER**

Charles Brian O'Neill,

           Defendant


This is a criminal case in which the defendant has filed a motion to suppress evidence found on his cell phone, which a Fostoria, Ohio, police officer seized while present during the execution of a search warrant. The defendant claims that the seizure exceeded the scope of the warrant.

Following suppression hearings, the parties have submitted post-hearing briefs (Docs. 33, 35, 38, 39). For the reasons that follow, I deny the motion to suppress.

### Background

A Fostoria Municipal Court Judge issued the warrant, which, *inter alia*, commanded the applicant to "enter . . . 1034 Gerlock Drive, City of Fostoria. . . . That being the residence of Charles Brian O'Neill, . . . and . . . search for . . ., cell phones located therein. . . ."

When the officers arrived at that address, the defendant was not present. He arrived shortly after they had parked in the driveway. An officer conducted an initial pat down for weapons; the defendant had none.[1] Shortly thereafter, while the defendant was still in the

---

[1] The officers were aware that the defendant often carried a firearm and that he had firearms in the residence.

driveway, the officer, seeing a cell phone in the defendant's shirt pocket, seized the phone. An on-scene technician's inspection revealed evidence of child pornography, which the defendant's motion seeks to suppress.

The instant motion arises because the Fourth Amendment states, in pertinent part, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . ." The gravamen of the defendant's motion is that, because the warrant specifically and solely authorized a search of the "residence of the defendant," and not, as well, the defendant's "person," the phone's seizure from his shirt pocket violated the Amendment.[2]

As the defendant frames his motion, the dispositive question is whether the warrant's authorization to search the "residence" limited the officers' ability to search for items designated in the warrant only beneath the roof of defendant's home, or whether its span encompassed areas adjacent to the structure.

This question raises three issues: 1) what areas does the Fourth Amendment's term, "house," encompass – just areas within its walls, or some outdoor areas, including the driveway where the defendant was standing; 2) if not, did some exception to the warrant requirement, such as the plain view doctrine, allow the search; and 3) if not, does the good faith exception to the exclusionary rule allow admission of the challenged evidence?

### A. Did the Warrant Encompass the Driveway?

The government correctly asserts that a driveway proximate to a house is part of the "curtilage," *i.e.,* adjacent areas in which a resident has a reasonable expectation of privacy fully

---

[2] The officer who obtained the warrant testified that he was aware that people often carry their cell phones on their persons. The record does not indicate whether omission of "the person of" the defendant from the warrant was intentional or inadvertent.

entitled to the protection of the Warrant Clause. *See, e.g.*, *Collins v. Virginia*, --- U.S. ---, ---,138 S. Ct. 1663, 1671 (2018) (warrantless entry onto driveway to search motorcycle violated Fourth Amendment).

The government's reliance on the Supreme Court's inclusion of a driveway within the curtilage is misfocused. That case, in contrast to this, involved warrantless entry onto that part of the curtilage that included the driveway.

The plain thrust of the defendant's argument – that the driveway search exceeded the warrant – is that the search here was, in effect, warrantless. If so, suppression must occur. To read and apply *Collins* as the government does would use a constitutional shield as a sword to undercut and endanger the privacy interests that *Collins* and the Fourth Amendment protect.

For purposes of this opinion, I assume, without deciding, that the span of the warrant's authority to search for cell phones did not reach beyond the four walls of his residence.

## B. Plain View

Even if the reach of the warrant did not extend to the driveway, I conclude that the ensuing warrantless seizure of the cell phone was lawful under the plain view doctrine.

That doctrine permits seizure of apparently incriminating items when: 1) the item is in plain view; 2) the officer was lawfully present at the vantage point from which he or she saw the item; 3) the item's "incriminating character" was "immediately apparent;" and 4) the officers have a "lawful right of access to the object itself." *Horton v. California*, 496 U.S. 128, 136–137 (1990); *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971).

First: the cell phone was within the officer's plain view: he could see it in the defendant's shirt pocket.

Second: the officer, as part of the search team, was lawfully on the driveway, which he and the other officers could lawfully use as a means of ingress and egress to and from the

defendant's residence. The defendant, though not yet arrested, was being lawfully detained to ensure that he did not leave, enter the residence during the search, or otherwise endanger the officers or interfere with execution of the warrant. *See Sibron v. New York*, 392 U.S. 40 (1968) (plain view doctrine applies even if officer has detained defendant on less than probable cause).[3] While thus lawfully detained, the defendant clearly was well within the officer's vantage point. *Michigan v. Summers*, 452 U.S. 692 (1981).

Third: the incriminating nature of the cell phone as a repository of child pornography was immediately apparent. Even if the officer could not seize the phone under the authority of the warrant, he no doubt knew of the warrant's issuance and the items subject to seizure. It is also a fair inference that he would have known that probable cause as to the phone's likely contents underlay the warrant.

Finally, it is indisputable that the officer, on seeing the phone, had a lawful right of access to it.[4]

## Conclusion

The was nothing constitutionally violative about the seizure of the cell phone, even if the seizure was outside the scope of the warrant. It is, accordingly,

ORDERED THAT the defendant's motion to suppress (Doc. 12) be, and the same hereby is denied. The Clerk shall forthwith set a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] The issue discussed above re. the assumed warrantless nature of the seizure of the phone does not affect the validity of the officers' use of the driveway, which was in furtherance of the warrant to search the residence or the sub-arrest detention of the defendant during the search.

[4] The seizure having been lawful, I need not address the good faith exception.