**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,** CASE NO. 3:18 CR 178

Plaintiff,

v. JUDGE JAMES R. KNEPP II

**CHARLES BRIAN O'NEILL,**

Defendant. **ORDER**

Currently pending before the Court is Defendant's Motion for Forensic Mental Health Evaluation and Psychosexual Risk Assessment. (Doc. 206). The Government opposes (Doc. 207), and Defendant replies (Doc. 208). For the reasons set forth below, Defendant's Motion is granted.

This matter is currently set for a resentencing on November 18, 2026, following three prior reschedulings from the original July 13, 2026, date. In the present Motion, Defendant seeks an Order for a forensic mental health evaluation and psychosexual risk assessment evaluation, and a corresponding continuance of the resentencing date. (Doc. 206). Defendant contends that although he recently received medical records regarding a July 2025 prostatectomy, these records "do not establish current risk of sexual offending" and contends such information necessarily speaks to relevant sentencing factors. *Id.* The Government opposes, arguing that no further delay is appropriate in this case and the delay has become unreasonable and violates the victim's rights. (Doc. 207).

18 U.S.C. § 3552(b) provides this Court with authority to order a study of a defendant to provide information relevant to sentencing. Further, 18 U.S.C. § 3552(c) provides the Court may order a psychiatric or psychological examination if it desires more information prior to sentencing.

The Court is not unsympathetic to the Government's frustration at the delay nor insensitive to the impact of the lack of finality on the victim and his family. But the Court also has a duty to sentence Defendant according to 18 U.S.C. § 3553(a) and consider factors such as the history and characteristics of the Defendant and the need to protect the public. As Defendant states, the requested assessment "may support mitigation, identify continuing risks, or refine treatment and supervision recommendations." (Doc. 208, at 5); *see also United States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010) (to obtain reversal on denial of a continuance a defendant must "show that the denial of the continuance actually prejudice his . . . defense" and does so "by showing that a continuance would have . . . added something to the defense") (quotations and citations omitted).

Despite some reluctance to delay this case further, the Court finds Defendant has identified good cause for a further continuance of the sentencing in the instant case to obtain the requested evaluation. Defendant acted promptly upon receipt of medical records, and the request is tailored specifically to questions raised by those records. The Court is cognizant of a crime victim's right "to proceedings free from unreasonable delay." 18 U.S.C. § 3771((a)(7). But the Court finds the delay necessitated here is ultimately not an unreasonable one, and is for only so long as necessary to obtain the further evaluation. The Court further observes that Defendant will remain in custody while the evaluation is completed.

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Forensic Mental Health Evaluation and Psychosexual Risk Assessment (Doc. 206) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant is REFERRED to Court Diagnostic and Treatment Center ("CDTC"), subject to availability and acceptance, for a forensic mental health evaluation

and psychosexual risk assessment which shall address risk of sexual reoffending, treatment needs, and risk-management recommendations;[1] and it is

FURTHER ORDERED that such evaluation and assessment be completed within 60 days of the date of this order, sooner if practicable; and it is

FURTHER ORDERED that defense counsel shall file a status report with this Court within 14 days of the date of this Order addressing CDTC's acceptance of the referral, access arrangements, anticipated testing and evaluation report date, and any proposed cost or need for separate funding authorization; and it is

FURTHER ORDERED that the November 18, 2026, resentencing be, and the same hereby is, VACATED, to be reset promptly following receipt of the evaluation and assessment.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2026

1. If CDTC does not have an evaluator available and qualified to perform both components of the examination and evaluation, counsel shall propose an alternative qualified expert for the Court's approval.